The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George T. Glenn, II, and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
***********
Based upon all of the competent evidence of record, the Full Commission adopts the findings of fact of the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff, who was born 4 February 1966, was thirty two years old at the time of the hearing before the Deputy Commissioner. After completing high school, plaintiff worked for one year as a cashier in a department store. He began working for defendant employer in September 1987 as a temporary, and he became a permanent employee on 12 September 1988.
2. Plaintiff operated bonding machines as a part of his duties with defendant employer. The bonding machine placed a coating over the wires of various appliances by heating the wiring and then dipping the wiring into a powder, which formed a coating over the wires. When the bonding machine carried out this process it created dust.
3. In the plant in which plaintiff worked, the defendant employer manufactured electrical appliances. Various chemicals were used by defendant employer in its manufacturing process, and some of the chemicals became airborne in the process.
4. In January 1994, plaintiff was diagnosed with a condition known as sarcoidosis. Plaintiff indicated that he first started noticing in the summer and fall of 1993 that he was having shortness of breath. Sarcoidosis affected plaintiffs lungs, limiting the amount of air intake. Plaintiff was taken out of work as a result of his condition on or about 27 January 1994 and has not been able to return to any form of work since.
5. One of plaintiff's treating physicians is Dr. Karen L. Smith. When asked the etiology of sarcoidosis, she indicated that the exact etiology is not known, but there are known agents that can activate sarcoidosis, such as pine, chicken feathers, dust, agents similar to those of byssinosis, and that most of the agents are natural agents. She also indicated that some man-made or synthetic agents may very well activate the condition. Although Dr. Smith indicated that she had been provided with a list of the chemicals that were used in the plant in which plaintiff worked, she could not recall them. Dr. Smith indicated that the condition in plaintiff's work environment could have been a cause in the activation of plaintiff's condition, but she also indicated that his condition could have been activated by the agents in plaintiff's home.
6. Plaintiff is presently unable to hold any employment due to his condition.
7. It is unclear from the facts presented in this matter as to whether the sarcoidosis which plaintiff suffers was caused by the conditions of his employment; nor has it been shown that it is a condition which is characteristic of and peculiar to plaintiff's employment with defendant employer.
8. Plaintiffs average weekly wage at the time he developed this condition was $337.20 per week.
9. Defendant employer employed three or more employees at the time plaintiff developed the condition of sarcoidosis, and therefore is subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
10. Cigna Insurance Company provided workers' compensation insurance coverage for defendant employer at all relevant times herein.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove that sarcoidosis is an occupational disease, in that he has failed to prove that sarcoidosis is a disease which is peculiar to and characteristic of his employment with defendant employer or that any exacerbation at work was a significant contributing factor in the development of his condition. N.C. Gen. Stat. § 97-53.
2. Plaintiff has failed to present competent evidence that any alleged disease or injury from which he suffers is related to his employment with defendant employer. Plaintiff has failed to satisfy his burden of proving a compensable occupational disease or injury and his claim for benefits should be denied. N.C. Gen. Stat. § 97-53.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for benefits must be, and the same is hereby DENIED.
2. Each side shall pay its own costs.
This 29th day of July 1999.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
S/_____________ LAURA K. MAVRETIC COMMISSIONER